# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DIANNE ELLIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0084-WS-N |
| | ) |
| THE BUREAUS, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on motions to dismiss filed by three of the four defendants. (Docs. 29-31). The plaintiff has filed a consolidated response and the movants separate replies, (Docs. 47, 54-56), and the motions are ripe for resolution.

## BACKGROUND

According to the complaint, (Doc. 1), the plaintiff purchased an off-road vehicle by charging the purchase price to her credit card with defendant Capital One, N.A. ("Capital One") and giving Capital One a lien on the vehicle. With Capital One's active involvement, the plaintiff later sold the vehicle, and Capital One issued the plaintiff a release of lien and confirmed in writing that her credit card balance was fully satisfied. Capital One nevertheless dunned the plaintiff about her delinquent account and made collection calls using an automated telephone dialing system ("ATDS") and an artificial or pre-recorded voice without her prior express consent. Eventually, the plaintiff's account was acquired by defendant Bureaus Investment Group Portfolio No. 15, LLC ("Portfolio"). Portfolio and/or defendant The Bureaus, Inc. ("Bureaus") made calls to the plaintiff regarding the alleged debt, at least some of which were made using an

ATDS and/or an artificial or prerecorded voice without her prior express consent. Portfolio later referred the account to defendant Stoneleigh Recovery Associates, LLC with representations the account was delinquent and past due. All four defendants wrongfully reported to consumer reporting agencies that the plaintiff's account was delinquent and past due. (Doc. 1 at 1-5).

The claims, and the defendants against whom they are asserted, are as follows:

- Count One         Fair Debt Collection        Portfolio, Bureaus,
                    Practices Act ("FDCPA")     Stoneleigh
- Count Two         Telephone Consumer          all defendants
                    Protection Act ("TCPA")
- Count Three       Negligence                  all defendants
- Count Four        Wantonness                  all defendants
- Count Five        Wanton collections          all defendants
- Count Six         Defamation                  Capital One
- Count Seven       Defamation                  Portfolio
- Count Eight       Invasion of privacy         all defendants
- Count Nine        Fraudulent representation   Capital One

(Doc. 1 at 5-13). The movants – all defendants except Capital One – seek dismissal of all claims against them other than Counts One and Eight.[1]

**DISCUSSION**

**I. Count Two.**

Stoneleigh moves to dismiss on the grounds the complaint fails to allege that it made any telephone calls to the plaintiff of any kind. (Doc. 30 at 2).

---

[1] Because the briefs filed by Bureaus and Stoneleigh are essentially verbatim duplicates of Portfolio's briefs, the Court will cite only to the latter except where the former offer something different.

Stoneleigh is correct. The plaintiff offers no defense of her claim against Stoneleigh, and its motion to dismiss is due to be granted.

The complaint does allege that the other two movants made telephone calls to the plaintiff. Portfolio and Bureaus argue, however, that the complaint's allegations fail to satisfy *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Doc. 29 at 2-4).

To survive dismissal under Rule 12(b)(6), a complaint must first satisfy the pleading requirements of Rule 8(a)(2). *Twombly*, 550 U.S. at 555. "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Rule 8 establishes a regime of "notice pleading." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002). It does not, however, eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action. "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2). The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Twombly*, 550 U.S. at 555. There must in addition be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard … asks for more than a sheer

possibility that the defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotes omitted). A complaint lacking "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" will not "survive a motion to dismiss." *Id*. But so long as the plausibility standard is met, the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes omitted).

The movants identify three ways Count Two falls short. First, the TCPA applies to calls made "using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). The complaint alleges that some or all of the calls made by Portfolio and Bureaus to the plaintiff were made using an ATDS and/or an artificial or prerecorded voice. (Doc. 1 at 5; *accord id*. at 7). The movants object that a plaintiff cannot simply allege that an ATDS was used but must assert supporting facts rendering it plausible that the defendant in fact employed an ATDS. The movants note that a number of sister courts take this position, while the plaintiff cites decisions rejecting this view. The Court declines to wade into the debate, because the plaintiff assures the Court she can supply any needed factual detail by amendment, (Doc. 47 at 7), and the movants voice no opposition to this procedure.

Second, the movants assert the plaintiff's pleading of the claim is defective because "she gives no specific details as to which defendant made which call, any details about the calls, or any statement about the frequency of the calls." (Doc. 29 at 3; Doc. 31 at 3). Their reply briefs add to this list, "when they were made." (Doc. 54 at 3; Doc. 56 at 3). The movants do not suggest that these items are elements of a TCPA claim, and the single lower court decision on which they rely does not remotely support the proposition that such "detail" is required under notice pleading and its plausibility standard.

4

Third, the TCPA provides for recovery of treble damages against a defendant that "willfully or knowingly violated this subsection or the regulations prescribed under this subsection." 47 U.S.C. § 227(b)(3). The complaint alleges that the movants' calls were made "willfully and/or knowingly" and seeks an award of treble damages. (Doc. 1 at 8). The movants argue that Count Two must be dismissed because the complaint offers "no basis … for thinking that [the movants] knew that [they] did not have Plaintiff's consent to call her." (Doc. 29 at 5). The parties debate the actual mental state required and the resulting test of plausibility. Again, the Court need not resolve the legal issue, because the plaintiff has offered to amend the complaint to supply additional detail regarding the movants' knowledge. (Doc. 47 at 8).

As to Count Two only, the plaintiff is afforded until **July 31, 2017** to file an amended complaint providing the additional factual material she says will moot the movants' objections. Should the plaintiff file an amended complaint by this deadline, the movants may file and serve, on or before **August 14, 2017**, a supplemental brief addressing the new allegations and their effect on the viability of Count Two. The plaintiff may then file and serve, on or before **August, 21, 2017**, a responsive brief. The Court will take the motions to dismiss Count Two under submission on August 21, 2017. Should the plaintiff fail to file an amended complaint by the deadline, the Court will resolve the motions to dismiss based on the materials now on file and will deem the plaintiff to have waived any right to amend her complaint after receiving the Court's ruling.

**II. Count Three.**

The movants argue that the complaint fails to allege the elements of a negligence claim and fails to allege any facts in support of such a claim. (Doc. 29 at 6).

"The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Armstrong Business Services, Inc. v. AmSouth Bank*, 817

5

So. 2d 665, 679 (Ala. 2001). Count Three, after incorporating the complaint's preceding paragraphs, alleges that the defendants' actions in attempting to collect the alleged debt constituted negligence and that the plaintiff suffered damage as a proximate result of that negligence. (Doc. 1 at 8). Count Three does not explicitly allege a duty and a breach of that duty but, as the Court has observed, notice pleading is satisfied if the complaint contains "inferential allegations from which we can identify each of the material elements." *Wilchombe*, 555 F.3d at 960 (emphasis and internal quotes omitted). The movants, which ignore this principle, have not demonstrated that the allegations of the complaint, and especially the paragraphs preceding Count Three, fail to contain inferential allegations of a duty and its breach. Similarly, by ignoring the complaint's factual allegations preceding Count Three, the movants have failed to show that they contain no facts "that are suggestive enough to render [the element] plausible." *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1310 (11th Cir. 2008) (internal quotes omitted). Simply citing *Twombly* and *Iqbal* – which is all the movants do – does not carry the day.[2]

### III. Counts Four and Five.

The movants announce that "wanton conduct is not recognized as a separate cause of action in Alabama." (Doc. 29 at 7). The single authority on which they rely, however, states only that there is no cause of action for wanton (or negligent) "prosecution of a civil action," with such claims "nothing more than malicious-prosecution claims improperly couched in terms of negligence and wantonness." *Ex parte Miller, Hamilton, Snider & Odom, LLC*, 942 So. 2d 334, 336 n.1 (Ala.

---

[2] In their reply briefs, the movants object that, if they have to look beyond the four corners of Count Three, they are deprived of "fair notice" of the plaintiff's claim. (Doc. 54 at 13). Even if this untimely argument were to be considered, it is hardly a strain on the movants to review the six paragraphs of factual allegations (totaling less than a single page in length) regarding their conduct. (Doc. 1 at 4-5). The movants cite no authority supporting their position.

2006).  The plaintiff is not bringing a claim of wanton prosecution of a civil action, so the movants' authority is inapposite.  Wantonness is in fact a common cause of action under Alabama law, and the movants have made no effort to show that it is not recognized in the present context.

In their reply brief, the movants change tack, arguing the complaint does not allege conduct rising to the level of wantonness and questioning whether a separate cause of action for "wanton collections" (Count Five) can exist apart from a garden-variety wantonness claim (Count Four).  (Doc. 54 at 7-8).  District courts, including this one, ordinarily do not consider arguments raised for the first time on reply.[3]  Because the movants offer no reason the Court should depart from that rule in this case, it will not do so.

## IV. Count Seven.

Portfolio argues that the defamation claim against it is preempted by federal law and that the complaint fails to allege the elements of defamation in any event. (Doc. 29 at 7-10).

The complaint alleges that Portfolio, in referring the plaintiff's account to Stoneleigh, falsely characterized her credit card debt as delinquent and past due. The complaint further alleges that Portfolio made similar statements to third parties, "including one or more consumer reporting agencies," but the complaint then asserts that "[t]he acts and omissions which form the basis of this claim do not include any reporting of information to any consumer reporting agency." (Doc. 1 at 10-11).

The Fair Credit Reporting Act ("FCRA") imposes duties on furnishers of information to consumer reporting agencies, including a duty not to furnish information the furnisher knows or has reasonable cause to believe is inaccurate.

---

[3] *See Park City Water Authority v. North Fork Apartments, L.P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone).  The Eleventh Circuit follows a similar rule.  *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005).

15 U.S.C. § 1681s-2(a)(1)(A). The FCRA also prohibits any state law requirement or prohibition "with respect to any subject matter regulated under … section 1681s-2 …, relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Id*.§ 1681t(b)(1)(F). Portfolio argues that these provisions preclude the plaintiff's defamation claim.

A number of courts have ruled that Section 1681t(b)(1)(F) preempts state law claims for defamation. *E.g., Macpherson v. JPMorgan Chase Bank*, 665 F.3d 45, 46-48 (2nd Cir. 2011); *Aleshire v. Harris*, 586 Fed. Appx. 668, 669-71 (7th Cir. 2013). Some confusion has been introduced by Section 1681t(b)(1)(F)'s overlay with Section 1681h(e), which seems to permit defamation actions against furnishers of information to consumer reporting agencies as to "false information furnished with malice or willful intent to injure such consumer." The courts have reconciled these provisions in various ways, but the Court need not choose among them. The Court construes the complaint as alleging that Portfolio furnished false information to consumer reporting agencies but as then disavowing any cause of action based on that conduct. Because no claim is based on this conduct, no preemption issue is presented.

The elements of a cause of action for defamation are: (1) a false and defamatory statement regarding the plaintiff; (2) unprivileged communication of that statement to a third party; (3) fault amounting at least to negligence; and either (4a) actionability absent special harm or (4b) special harm caused by publication. *Wal-Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2003).

Portfolio argues the complaint fails adequately to allege the first element because it "does not actually identify a particular statement, when it allegedly occurred, or what the wording of that statement is." (Doc. 29 at 9). The complaint, however, alleges that Portfolio represented to Stoneleigh that the plaintiff's account was delinquent and past due and that this statement accompanied Portfolio's referral of the account to Stoneleigh. (Doc. 1 at 5, 10-11). These allegations plainly identify the challenged statement and when it was

made. To the extent Portfolio demands more specificity, it identifies no authority for imposing such a mandate on a notice standard that requires only plausible – not detailed – factual allegations. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[4]

Portfolio's only attack on the second and third elements depends by its terms on the success of its challenge to the first element. (Doc. 29 at 9). Since the latter argument fails, the derivative argument regarding the second and third elements necessarily fails as well.[5]

When the defamation is "per se," damage is implied by law without a need for allegation or proof of special harm. Portfolio points out that slander per se is limited to "imputation of an indictable offense involving infamy or moral turpitude." *Delta Health Group, Inc. v. Stafford*, 887 So. 2d 887, 896 (Ala. 2004) (internal quotes omitted). True enough, but "[i]n cases of libel, if the language used exposes the plaintiff to public ridicule or contempt, though it does not embody an accusation of crime, the law presumes damage to the reputation, and pronounces it actionable per se." *Liberty National Life Insurance Co. v. Daugherty*, 840 So. 2d 152, 157 (Ala. 2002) (internal quotes omitted). Portfolio has not attempted to show that the plaintiff's claim is based on an oral statement

---

[4] Portfolio argues that any communication with credit bureaus would consist of "a series of codes," which cannot constitute a "statement" for purposes of defamation law. (Doc. 29 at 9). As noted in text, however, the plaintiff's claim is not based on statements made to credit reporting agencies but to Stoneleigh, and Portfolio makes no similar argument regarding Stoneleigh.

[5] In its reply brief, Portfolio for the first time argues that "a false statement that a plaintiff owes a debt" is not defamatory. (Doc. 54 at 10). As discussed in Part III, this argument comes too late to be considered.

rather than a written one, and the plaintiff says her claim is for libel. (Doc. 47 at 14).[6]

When defamation is not per se, it is per quod, and the plaintiff must allege and prove special harm. *Delta Health*, 887 So. 2d at 896-97. The parties agree that special damages are limited to "material loss capable of being measured in money," *Butler v. Town of Argo*, 871 So. 2d 1, 19 (Ala. 2003) (internal quotes omitted), such that mental anguish and emotional distress will not suffice. Portfolio complains that the complaint "vaguely cites only damage to [the plaintiff's] credit and reputation," which Portfolio (without citation to any authority) denies is capable of being measured in money. (Doc. 29 at 10). The plaintiff responds with *Harrison v. Burger*, 103 So. 842 (Ala. 1925), where it was held that an allegation the "plaintiff's credit was impaired, and that she was in fact unable to get credit at other stores in Birmingham … meets the requirements as to special damages." *Id*. at 844.

Portfolio does not deny *Harrison*'s applicability. Instead, it insists that, even though the complaint alleges the plaintiff was denied credit three times, (Doc. 1 at 5), plausibility is lacking because the complaint does not allege "the type of credit denied, the amount of funds she was seeking, damages actually flowing from such alleged denial, or any causal link between [Portfolio's] allegedly defamatory statement and the purported denials of credit." (Doc. 54 at 11). Portfolio's objection, first raised on reply, comes too late to be considered. In any event, Portfolio is again attempting to convert a plausibility requirement into a specificity requirement; the complaint meets the former and need not satisfy the latter.

---

[6] In its reply brief, Portfolio for the first time considers the possibility that its allegedly defamatory statement was written. (Doc. 54 at 11). As with other previously available arguments first raised on reply, this one will not be considered.

10

## CONCLUSION

For the reasons set forth above, all three motions to dismiss are **denied** with respect to Counts Three, Four, Five and Seven. With respect to Count Two, Stoneleigh's motion to dismiss is **granted**, while the motions of Bureaus and Portfolio remain pending as discussed in Part I.

DONE and ORDERED this 17th day of July, 2017.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE