# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DIANNE ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0084-WS-N |
| | ) |
| THE BUREAUS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

By previous order, the Court denied the three movants' motion to dismiss with respect to Counts Three, Four, Five and Seven. (Doc. 60 at 11). With respect to Count Two – the only other count made the basis of the movants' motion – the Court granted the motion as to defendant Stoneleigh. (*Id*.). As to the other two movants, the Court left the motion to dismiss Count Two pending, awaiting an amended complaint that the plaintiff represented would moot the movants' objections – a procedure to which the movants did not object. (*Id*. at 5, 11).[1] The plaintiff thereafter filed an amended complaint. (Doc. 63). The parties filed supplemental briefs addressing the adequacy of the amended Count Two, (Docs. 67, 71), and the motion to dismiss Count Two is now ripe for resolution.

Count Two asserts a claim under the Telephone Consumer Protection Act ("TCPA"). The movants argued that Count Two failed to satisfy the plausibility standard of Rule 8(a) as construed by the Supreme Court. In particular, the movants argued that the complaint failed to allege facts supporting its assertions: (1) that some or all of the movants' collection calls were made using an automatic telephone dialing system ("ATDS"); and (2) that the movant's calls were made

---

[1] The Court did not, as the movants assert, grant their motion to dismiss Count Two with leave to amend. (Doc. 67 at 2).

willfully and/or knowingly so as to support an award of treble damages. (Doc. 60 at 4-5). The amended complaint addresses both challenges.

The amended complaint asserts that, "[w]hen Plaintiff would answer the calls from [the movants], there would often be a silence, sometimes with a click or a beep-tone, before a representative would pick up and start speaking. This is a tell-tale indication that the call was placed through an ATDS." (Doc. 63 at 5). The amended complaint also asserts that, "[w]hen she was called by these debt collectors, Plaintiff explained that the debt had been satisfied and the lien released and she asked that they stop calling her, thereby revoking any prior consent to receive calls and notifying [the movants] that there was no consent for the calls." (*Id*. at 5-6).

The movants do not argue that these allegations fail to attain the plausibility standard, and it is patently obvious that they do satisfy the standard as articulated by the movants themselves. The movants acknowledge that the use of an ATDS would be plausibly alleged by "any indicia of an auto-dialed call, such as any sounds, beeps, pauses, or robotic noises." (Doc. 29 at 4). They also acknowledge that the mental state required to support an award of treble damages would be plausibly alleged by some "basis … for thinking that [the movants] knew that [they] did not have Plaintiff's consent to call her." (*Id*. at 5). What the movants demand is precisely what the amended complaint alleges.

The movants are nevertheless unsatisfied because, they believe, the new allegations cannot be trusted. First, "[i]t is dubious at best that Plaintiff would have left such key details of specific conversations out of her original Complaint." (Doc. 67 at 3). Second, they insist the description of the alleged ATDS calls "should be completely disregarded" because "it is lifted word-for-word from" the complaint in a recent TCPA case in California and therefore "is not an account of anything that may have happened to" the plaintiff, (*id*. at 2); the movants continue that the allegations of what the plaintiff told the movant's representatives is

2

somehow derivatively tainted by this plagiarism and must therefore be "ignore[d]." (*Id*. at 3).

The movants are clutching at air. As their own authority states, the plausibility standard requires a court to "tak[e] as true" a complaint's factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The mere fact (if it be a fact)[2] that the allegations of the amended complaint regarding use of an ATDS mirror those of another case does not prove – or even suggest – that the language does not describe the plaintiff's experience. Nor does the omission of allegations from an original complaint prove – or even suggest – that the amended complaint's addition of such allegations (at the movants' insistence) is dishonest.

The movants have come dangerously close to accusing plaintiff's counsel of violating Rule 11, although they have presented nothing that could remotely support such an accusation. That is not an acceptable practice in this District. The movants remain free to file any properly supported motion under Rule 11, but they are cautioned not to cast aspersions on the integrity of opposing counsel absent such a motion.

For the reasons set forth above, the remaining movants' motion to dismiss Count Two is **denied**.

DONE and ORDERED this 23rd day of August, 2017.

                                                  s/ WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE

---

[2] The movants purport to quote from the California pleading but do not attach a copy of it to their brief.